# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON DIVISION
# CIVIL CASE NO. 2:14-cv-00027-MR
# [CRIMINAL CASE NO. 2:05-cr-00014-MR-DLH-3]

| | |
|---|---|
| TIMOTHY ASHLEY PADGETT, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on consideration of the Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as untimely.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 25, 2005, a jury in this district convicted Petitioner on one count of possession of 100 grams or more of Pseudophedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(a), (c) (Count One); and one count of conspiracy to manufacture more than 5 grams of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846 (Count Two). [2:05-cr-00014, Doc. 22: Jury Verdict].

In the Petitioner's Presentence Investigation Report (PSR), the probation officer identified two prior convictions for crimes of violence which Petitioner sustained in Tennessee and Arkansas: aggravated burglary in 1997 and residential burglary in 2005. [Id., Doc. 97: PSR ¶¶ 36, 43, and 46]. Based on these convictions, the Petitioner qualified as a career offender pursuant to § 4B1.1 of the U.S. Sentencing Guidelines Manual (U.S.S.G.).[1] Petitioner's total offense level was therefore increased to 34, and the Petitioner's criminal history category was Level VI. [Id. at ¶ 88]. Thus, the Guideline sentencing range for the Petitioner was 262 to 327 months' imprisonment.

Petitioner's counsel filed a written objection to the PSR, contending that his conviction for aggravated burglary did not qualify as a crime of violence because the judgment entered by the Tennessee court listed the statutory code for theft of property rather than the code for aggravated burglary. [Id. at 24]. The probation officer responded to the objection by citing to the state criminal records which demonstrated the following:

---

[1] In order to qualify as a career offender, a defendant must have been at least 18 years old at the time he committed the federal offense; the instant offense of conviction must be either a crime of violence or a controlled substance offense; and the defendant must have two or more prior convictions for either a crime of violence or a controlled substance offense. See U.S.S.G. § 4B1.1(a) (2006). As is relevant to the instant case, a crime of violence is defined as any offense under federal or state law that is punishable by more than one year in prison and includes "burglary of a dwelling." Id. at § 4B1.2(a)(2).

1. The grand jury indictment charged Petitioner with Aggravated Burglary which is a Class C felony;

2. The judgment lists the offense of conviction as the Class C felony of Aggravated Burglary;

3. A probation violation listed his offense of conviction as Aggravated Burglary;

4. The sentencing order which revoked Petitioner's probation and activated his four-year sentence identified Petitioner's conviction as Aggravated Burglary;

5. A Tennessee computerized criminal history printout for Petitioner identified his conviction as Aggravated Burglary; and

6. The Humphrey Clerk of Court Case Management System lists Petitioner conviction for Aggravated Burglary.

[Id. at 25-26].

On December 8, 2005, Petitioner appeared with counsel for his sentencing hearing. The Court overruled Petitioner's objection regarding the 1997 aggravated burglary conviction based on the documents submitted by the probation officer. The Court noted that while the Tennessee Code Section cited in the conviction was for theft of property, it was clear from the Tennessee criminal file that Petitioner was in fact convicted of aggravated burglary. [Id., Doc. 71: Sentencing Tr. at 10-11]. Thus, the erroneous citation to the theft of property statute was simply a clerical error. [Id.]. Petitioner was found to be a career offender and was

sentenced to the low end of his Guidelines range to a term of 240-months' imprisonment on Count One and a concurrent term of 262-months' imprisonment on Count Two. [Id., Doc. 64: Judgment]. Petitioner appealed the judgment to the United States Court of Appeals for the Fourth Circuit.

On appeal, Petitioner renewed his challenge to his designation as a career offender, contending again that he was actually sentenced for the theft of property crime rather than for aggravated burglary. The Court rejected this argument after finding that "the face of the Judgment gave the District Court sufficient information to determine that the Defendant was convicted of a felony, not a non-violent theft crime." United States v. Padgett, 233 F. App'x 223, 225, 227 (4th Cir.), cert. denied, 552 U.S. 931 (2007). The Court noted that burglary of a dwelling was categorically considered a crime of violence under the career offender provision of the Guidelines. Id. at 227, 233 (citing U.S.S.G. § 4B1.1 app. 1) (2004). Thus, Petitioner was properly sentenced as a career offender. On appeal, the Petitioner's judgment was affirmed in all respects. This § 2255 collateral proceeding follows, and Petitioner's claim for relief will be examined herein.

II. **STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions

4

to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority, and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty (AEDPA) of 1996, as amended, provides in relevant part that:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's judgment became final on October 1, 2007, when the Supreme Court denied his petition for a writ of certiorari. Therefore, under § 2255(f)(1), a timely § 2255 motion would have to have been filed by September 30, 2008. Petitioner contends that his § 2255 motion is timely under § 2255(f)(3) and (f)(4).[2] Petitioner cites the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013), and argues that its holding applies retroactively to cases on collateral review. [2:14-cv-00027, Doc. 1 at 12].

In Descamps, the Court considered whether a conviction for burglary under California law could serve as a predicate crime of violence to support an enhancement as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(1). The California law at issue provided that any "person who enters" certain defined locations "with intent to commit grand or petit larceny or any felony is guilty of burglary." Id. at 2282. Justice Kagan, writing for the Court, found that the California law did not require that the entry into the defined locations be "unlawful in the way most burglary laws [require]. Whereas burglary statutes generally demand breaking and entering or similar conduct, California's does not: It covers, for example, a

---

[2] "Facts" under § 2255(f)(4) refers to court rulings and legal consequences which occur in the petitioner's own case, and not to the rulings which occur in another defendant's case. See Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005); United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005).

6

shoplifter who enters a store, like any customer, during normal business hours." Id. (internal citation omitted). "In sweeping so widely, the state law goes beyond the normal, 'generic' definition of burglary." Id. The Court noted the "Circuit split on the issue of whether the modified categorical approach applies to statutes like [the California burglary statute] that contain a single, 'indivisible' set of elements sweeping more broadly than the corresponding generic offense. We hold that it does not, and so reverse" the Ninth Circuit's opinion. Id. at 2282-83.

Petitioner's reliance on Descamps is misplaced for two reasons. First, the Descamps opinion has not been made retroactive to cases on collateral review. See, e.g., Whittaker v. Chandler, 574 F. App'x 448 (5th Cir. July 1, 2014) (per curiam) (unpublished) (finding Descamps is not retroactive on collateral review); United States v. Montes, 570 F. App'x 830 (10th Cir. July 7, 2014) (same); United States v. Mitchell, No. 3:14CV313, 2014 WL 3720582, at *2 n.3 (N.D. Fla. July 28, 2014) (collecting cases). Accordingly, Petitioner cannot benefit from the holding in Descamps, even if it were relevant to his claim.

Second, the Fourth Circuit dismissed Petitioner's challenge to his aggravated burglary conviction because the Tennessee judgment provided the district court with adequate information to determine that Petitioner's

conviction was for burglary. Padgett, 233 F. App'x at 225, 227. Thus, Petitioner was properly designated as a career offender. Because this issue was decided adversely to Petitioner on direct appeal, he is foreclosed from reviving this issue in a collateral proceeding, absent favorable intervening law. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (In a § 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" on direct appeal) (internal citation omitted); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.") (internal citation omitted).

Based on the foregoing, the Court finds that Petitioner's § 2255 motion is untimely and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding

8

that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 19, 2015

Martin Reidinger
United States District Judge